ON RETURN TO REMAND
BOWEN, Judge.
This Court remanded this cause to the trial court with instructions that an eviden-tiary hearing be conducted concerning the defendant’s initial apprehension, detention, and subsequent formal arrest. McLemore v. State, 562 So.2d 639, 643 (Ala.Cr.App. 1989).
After an evidentiary hearing, the trial court entered a written order which contained the following findings:
“FINDINGS OF FACT
“The offense for which James McLe-more was convicted occurred in the Riverside Housing Projects during the early morning hours of August 23, 1987. On that same day, Officers A. J. Jones and B. Sims, with the Montgomery Police Department, were called out to the Riverside Housing Projects on an unrelated case involving a theft. It was late afternoon when Officers Jones and Sims arrived to talk with a person about the theft. During Officer Jones’ discussion with the unknown theft complainant the victim in the present case, [E. J.] approached the police officers and pointed to James McLemore saying that he was the person who raped her the previous night. Officer Jones was already aware at the time that a rape had occurred in this area the previous night. Both officers observed Mr. McLemore sitting on the back porch of an apartment. Officer Sims walked over and talked with Mr. McLemore while Officer Jones notified his supervisor of the new development. Officer Sims talked with Mr. McLemore for a few minutes and then both started to walk back towards the car where Officer Jones and [E.J.] were waiting. When Officer Sims and Mr. McLemore reached the patrol car Detectives L. V. Moore and S. S. Smith arrived and were told by Officer Jones what had happened. At this point, Detective Moore asked Mr. McLemore for identification, to which Mr. McLemore could not produce any. Detective Moore then asked Mr. McLe-more whether he had ever been arrested, to which Mr. McLemore responded yes. Mr. McLemore further stated he had just been released from prison. When Mr. McLemore could not produce his ex-felon card he was placed under arrest for failure to possess an ex-felon card.[1] During the entire time until Defendant was placed under arrest by Officer Moore it was testified to that Mr. McLemore was never handcuffed nor physically restrained in any manner.
*388 “CONCLUSION OF LAW
“An officer may arrest any person without a warrant at any time for any offense committed in his presence or he may arrest when a felony has been committed and he has reasonable cause to believe that the person arrested committed it. Section 15-10-3(a)(l) and (3), Code of Alabama 1975. In this particular case, Officers Jones and Sims possessed far more than the requisite reasonable suspicion, grounded in specific and articulable facts, to conduct an investigation of their suspicion. Section 15 — 5— 30, Code of. Alabama 1975; United States v. Hensley, 469 U.S. 221, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985). The officers, in fact, had sufficient probable cause to lawfully arrest Mr. McLemore for either failure to possess an ex-felon card or, and more importantly, rape of the victim, [E. J.].
“Simply because Detective Moore first chose to arrest Mr. McLemore for failure to possess the ex-felon card does not affect or taint his subsequent arrest at police headquarters for rape in the first degree. Powell v. State 548 So.2d 590 (Ala.Cr.App.1988), affirmed, 548 So.2d 605 (Ala.1989); King v. State, 521 So.2d 1042 (Ala.Cr.App.1987), cert. denied 521 So.2d 1050 (Ala.1988).
“Based upon the foregoing facts and conclusions of law it is the opinion of this Court that the police officers had probable cause to detain and arrest Mr. McLe-more for either failure to possess an ex-felon card or rape in the first degree. Therefore, Mr. McLemore’s initial seizure was proper and did not affect the fruits of,that detention.” (Footnote added.) ■
The findings of the trial court are supported by the record. Therefore, the judgment of the trial court is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.

. Ala.Code 1975, § 13A-11-181, provides, in substance, that any person who has been convicted more than twice for a felony and who is a resident of an Alabama county must register with the sheriff of that county. Section 13A-11-182 provides, in part:
"It shall be unlawful for anyone who is required to register under the provisions of this article to be within any county in the state without having in his immediate possession a registration card as provided herein. It shall be the duty of such person to carry the card with him at all times while he is within the county and to exhibit the same to any officer of a municipality, a county or the state upon request.”
The penalty for a violation of this section is a fine of not less than $10 nor more than $50 and/or imprisonment in the county jail for not less than 10 nor more than 30 days. § 13A-11-186.